UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSIE EUGENE SHELTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-470** |
| **ROBERT TANNER, WARDEN**<br>**RAYBURN CORRECTIONAL CENTER** | **SECTION "E"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

I.   FACTUAL BACKGROUND

The petitioner, Jessie Eugene Shelton, appearing through counsel, is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie,

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

Louisiana.[2] On May 10, 2010, Shelton was charged by bill of information in St. Tammany Parish with aggravated incest and oral sexual battery upon his daughter.[3] On May 20, 2010, Shelton entered a not guilty plea to the charges.[4]

At an August 5, 2010, hearing, the state trial court granted Shelton's motion to quash the oral sexual battery charge.[5] At the same hearing, Shelton withdrew his former plea to enter a guilty plea to aggravated incest.[6] On August 31, 2010, the state trial court sentenced Shelton to 20 years in prison at hard labor, with one year suspended, followed by five years of supervised probation.[7]

Shelton's conviction became final 30 days later, on September 30, 2010, when he did not seek reconsideration of the sentence or pursue a direct appeal.[8] Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002)

---

[2]Rec. Doc. No. 5.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 5/10/10.

[4]St. Rec. Vol. 1 of 4, Minute Entry, 5/20/10.

[5]St. Rec. Vol. 1 of 4, Plea Minutes, 8/5/10; Plea Transcript, 8/5/10.

[6]Id.

[7]St. Rec. Vol. 1 of 4, Sentencing Minutes, 8/31/10; Sentencing Transcript, 8/31/10; Probation Conditions, 8/5/10.

[8]The transcript reflects that Shelton waived his right to appeal as part of the plea agreement. St. Rec. Vol. 1 of 4, Plea Transcript, p. 5, 8/5/10.

(petitioner's guilty pleas became final at the end of the period for seeking leave to file a notice of appeal under La. Code Crim. P. art. 914[9]).

More than 22 months later, on August 2, 2012, Shelton signed and submitted to the state trial court an application for post-conviction relief asserting the following:[10] (1) He was denied the right to a direct appeal because the state trial court did not advise him of the right after sentencing. (2) The plea agreement was an absolute nullity because the sentencing was contingent on the victim impact statement. (3) The guilty plea was not entered knowingly, intelligently or voluntarily.

On August 29, 2012, the state trial court denied relief, finding no merit in the claims. Shelton did not seek review of this ruling.

More than four years later, on October 15, 2016, Shelton signed and submitted to the state trial court a second application for post-conviction relief asserting the following:[11] (1) He was denied due process in the allotment of his case. (2) The court lacked jurisdiction because the crime was committed in Washington Parish. (3) Prosecutorial misconduct was involved in the allotment of his case and the choice of

---

[9] The Cousin court recognized that failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period, citing State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Cousin, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[10] St. Rec. Vol. 1 of 4, Application for Post-Conviction Relief, 8/6/12 (dated 8/2/12).

[11] St. Rec. Vol. 2 of 4, Application for Post-Conviction Relief, 11/16/16 (dated 10/15/16).

3

jurisdiction. (4) His counsel provided ineffective assistance because they did not challenge the allotment, jurisdiction of the state trial court or the prosecutorial misconduct.

That same day and during the next few months, Shelton's retained counsel filed several motions for recusal of the trial judge (Division D), recusal of the judge (Division H) presiding over the motion to recuse the trial judge and re-allotment of the proceedings to the judge in Division I.[12] The motions and Shelton's post-conviction application alleged that his original criminal charges were allotted to Division I and by manipulation of the prosecutor, and because of his subsequent arrest on a different rape charge, the entire matter was moved to Division D, where Shelton eventually entered his guilty plea. He argues that this denied him due process and the matter should be renewed before Division I.

On April 5, 2017, the state judge in Division H heard argument on the motion to recuse and re-allot and ordered additional briefing, including the State's responses to the motions and the post-conviction application.[13] At a May 3, 2017, hearing, the court denied the motions to recuse and re-allot, because allotment to Division D for trial was

---

[12]St. Rec. Vol. 2 of 4, Motion to Recuse, 11/16/16; Motion to Recuse, 1/3/17; Motion to Recuse and Re-allot, 3/16/17.

[13]St. Rec. Vol. 2 of 4, Hearing Transcript, 4/5/17; Memorandum, 4/12/17; Memorandum, 4/20/17; Memorandum, 4/25/17; State's Response to Motion, 4/28/17; State's Response to Application for Post-Conviction Relief, 4/28/17.

proper under the rules of the court.[14] The record and independent research of staff of the undersigned magistrate judge indicate that the state trial court has not yet ruled on Shelton's second application for post-conviction relief.

On July 25, 2017, the Louisiana First Circuit denied Shelton's counsel-filed writ application seeking review of the denial of the motions to recuse and re-allot.[15] On December 17, 2018, the Louisiana Supreme Court denied the related writ application.[16]

## II. FEDERAL HABEAS PETITION

On January 30, 2019, the clerk of court filed Shelton's federal habeas corpus petition in which he asserts the following grounds for relief:[17] (1) He was denied due process in the allotment process. (2) The state trial court in St. Tammany Parish lacked jurisdiction over his case, because the alleged crime occurred in Washington Parish. (3) He was denied effective assistance of counsel when his counsel failed to challenge the allotment and jurisdiction of the court. (4) There was prosecutorial misconduct during the allotment process, and he received ineffective assistance when his counsel did not challenge it.

---

[14]St. Rec. Vol. 2 of 4, Hearing Transcript, 5/3/17; Trial Court Order, 5/3/17.

[15]State v. Shelton, No. 2017-KW-0749, 2017 WL 3165978, at *1 (La. App. 1st Cir. Jul. 25, 2017); St. Rec. Vol. 3 of 4, 1st Cir. Order, 2017-KW-0749, 7/25/17; 1st Cir. Writ Application, 2017-KW-0749, 5/26/17.

[16]State v. Shelton, 258 So.3d 603 (La. 2018); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2017-KP-1389, 12/17/18; La. S. Ct. Writ Application, 17-KP-1389, 8/9/17 (metered 8/8/17).

[17]Rec. Doc. No. 3.

On March 6, 2019, the State filed a response in opposition to Shelton's federal petition, asserting that the petition is time-barred and reserving its right to assert lack of exhaustion and other defenses and/or address the merits of Shelton's claims, if necessary.[18]

### III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[19] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to this petition deemed filed on January 14, 2019, when it was signed by Shelton, and filed on January 30, 2019, when the filing fee was paid by his counsel.[20]

---

[18]Rec. Doc. No. 8.

[19]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[20]Shelton's petition was filed under the signature of retained counsel but received by mail in an envelope bearing Shelton's prison return address in Angie, Louisiana. Under the prison mailbox rule, the date when prison officials receive a pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Houston v. Lack, 487 U.S. 266 (1988); Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). The rule, however, applies only if an inmate relies on the prison mail system for mailing items to a court. Rule 3(d), Rules Governing Section 2254 Cases; Dison v. Whitley, 20 F.3d 185, 187 (5th Cir. 1994) ("use of an unknown agent does not trigger the Houston exception . . . limited to filings with prison officials, over whom a prisoner has no control."); Driscoll v. Thaler, No. 12-CV-330, 2012 WL 3656296 at *1 n.2 (N.D. Tex. Aug. 27, 2012) (mailbox rule not applicable if pleading sent to third party to file with court);

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State correctly asserts that Shelton's federal petition was not timely filed. For the following reasons, Shelton's petition must be dismissed with prejudice because it is clearly time-barred.

---

Llovera v. Florida, No. 13-859, 2013 WL 5468256, at *3 n.2 (D.S.C. Sep. 30, 2013) (mailbox rule not applicable if "there [was] nothing on the envelope to indicate mailing from a place of confinement."). Shelton's envelope bears no indication it was mailed through the prison mail system. The envelope has no prison stamp noting that it contains inmate mail and no prison processing/receipt stamp. Instead, the envelope was sent certified, priority mail from Mandeville, Louisiana, not Angie, Louisiana where the prison is located. Rec. Doc. No. 3-1, p. 10. Nevertheless, affording Shelton every benefit, I will consider the prison mailbox rule to apply and deem Shelton's petition filed on January 14, 2019, when he (and his counsel) signed the form petition. This is the earliest date appearing in the record on which it could have been given it to prison officials for mailing to a federal court. Payment of the filing fee does not alter the application of the federal mailbox rule. Cousin, 310 F.3d at 847.

7

IV.  STATUTE OF LIMITATIONS

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[21] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Shelton's conviction was final on September 30, 2010, when he did not seek review of sentence or guilty plea. Applying Section 2244 literally, Shelton had one year from finality of his conviction, until September 30, 2011, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the

---

[21]The statute of limitations provision of the AEDPA in 28 U.S.C. § 2244(d) provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

8

petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations in which the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Shelton has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied,

petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.

Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-78.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison

11

mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In this case, the one-year AEDPA statute of limitations began to run on October 1, 2010, the day after Shelton's conviction was final under federal law. The period

continued to run uninterrupted for one year, until September 30, 2011, when it expired. Shelton had no properly filed application for state post-conviction relief or other collateral review during that time period that might have tolled the AEDPA one-year statute of limitations.

Shelton's first state court application for post-conviction relief was filed on August 2, 2012, which was more than 10 months after the AEDPA one-year filing period expired on September 30, 2011. In addition, Shelton allowed a period of more than four years to pass between denial of his first state court application on August 29, 2012, and the filing of his second application for post-conviction relief on October 15, 2016. Shelton is not entitled to tolling for these state court filings made after expiration of the AEDPA limitations period. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period); Higginbotham v. King, 592 F. App'x 313, 314 (5th Cir. 2015); see also, Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (missing the AEDPA deadline by even one day renders a federal petition untimely).

Shelton's federal petition was filed under the mailbox rule (and with counsel) on January 14, 2019, which was more than seven years and three months after the AEDPA

one-year statute of limitations expired on September 30, 2011. His federal petition was not timely filed and must be dismissed with prejudice for that reason.[22]

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Jessie Eugene Shelton's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

---

[22]Shelton has asserted no excuse to avoid the expiration of the limitations period. He has not asserted his actual innocence and has brought no new, reliable evidence to meet the high burden set forth in McQuiggin v. Perkins, 569 U.S. 383 (2013). Furthermore, the holding in Martinez v. Ryan, 566 U.S. 1 (2012), is not relevant to this timeliness discussion. In Martinez, the Supreme Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" Trevino v. Thaler, 569 U.S. 413, 429 (2013) (quoting Martinez, 566 U.S. at 13). First, the state courts have not barred review of Shelton's ineffective assistance of counsel claims, which are still pending resolution in the state trial court. Second, this dismissal is based not on a state procedural bar but on Shelton's failure to timely file his federal habeas petition. The Martinez and Trevino decisions do not address or excuse the untimely filing of a federal habeas petition. See Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); Smith v. Rogers, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); Falls v. Cain, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation). Martinez and Trevino also are not new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. See In re Paredes, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either Martinez or Trevino retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); Adams v. Thaler, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Neither Martinez nor Trevino provide equitable or statutory relief from Shelton's untimely filing.

legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[23]

New Orleans, Louisiana, this \_\_\_\_12th\_\_\_\_ day of June, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[23]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.