UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JESSIE EUGENE SHELTON | CIVIL ACTION |
|---|---|
| VERSUS | NO. 19-470 |
| ROBERT TANNER, WARDEN RAYBURN CORRECTIONAL CENTER | SECTION "E"(2) |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Joseph Wilkinson, Jr. recommending Petitioner Jessie Eugene Shelton's petition for federal habeas corpus relief be dismissed with prejudice as time-barred.[1] Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[2] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DENIES** Petitioner's application for relief.

## BACKGROUND

Petitioner is an inmate currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[3] On May 10, 2010, Petitioner was charged by bill of information in St. Tammany Parish with aggravated incest and oral sexual battery.[4,5]

---

[1] R. Doc. 9.
[2] R. Doc. 10 (Objection); R. Doc. 11 (Memorandum in Opposition).
[3] R. Doc. 5.
[4] St. Rec. Vol. 1 of 4, Bill of Information, 5/10/10.
[5] Petitioner challenges: "The magistrate in his report, states that on May 10, 2010 the defendant was charged with aggravated incest and oral sexual battery on his daughter. That statement is **NOT** true. In Count 1, Defendant was charged with RS 14:78.1, with the victim being 14 years old. In Count 2, he was charged with oral sexual battery on another person in 1983." R. Doc. 11 at 2-3 (emphasis in original). The Court notes Petitioner is correct, *see* R. Doc. 3-2 at 7 (Bill of Information). However, the identity of the victims involved in Count 1 and Count 2 has no bearing on the magistrate judge's finding that Petitioner's federal habeas petition was filed untimely.

1

On May 20, 2010, Petitioner entered a not guilty plea to the charges.[6] On August 5, 2010, the state trial court granted Petitioner's motion to quash the bill of information on the oral sexual battery count.[7] On the same date, Petitioner withdrew his former plea to enter a guilty plea to aggravated incest.[8] On August 31, 2010, the state trial court sentenced Petitioner to twenty years in prison at hard labor, with one year suspended, followed by five years of supervised probation.[9]

On August 2, 2012, Petitioner signed and submitted to the state trial court an application for post-conviction relief.[10] On August 29, 2012, the state trial court denied relief, finding no merit in the claims.[11] Petitioner did not seek review of this ruling.[12] On October 15, 2016, Petitioner signed and submitted to the state trial court a second application for post-conviction relief.[13] To the Court's knowledge, the state trial court has not yet ruled on Petitioner's second application for post-conviction relief.[14] Also on October 15, 2016 and over the course of the following few months, Petitioner's counsel filed several motions for recusal of the trial judge (Division D), recusal of the judge (Division H) presiding over the motion to recuse the trial judge and re-allotment of the proceedings to the judge in Division I.[15] On May 3, 2017, the state judge in Division H denied the motions to recuse and re-allot.[16] On July 25, 2017, the Louisiana First Circuit

---

[6] St. R. Vol. 1 of 4, Minute Entry, 5/20/10.
[7] St. Rec. Vol. 1 of 4, Plea Minutes, 8/5/10; Plea Transcript, 8/5/10.
[8] *Id.*
[9] St. Rec. Vol. 1 of 4, Sentencing Minutes, 8/31/10; Sentencing Transcript, 8/31/10; Probation Conditions, 8/5/10.
[10] St. Rec. Vol. 1 of 4, Application for Post-Conviction Relief, 8/6/12 (dated 8/2/12).
[11] R. Doc. 9 at 3.
[12] *Id.*
[13] St. Rec. Vol. 2 of 4, Application for Post-Conviction Relief, 11/16/16 (dated 10/15/16).
[14] R. Doc. 9 at 5.
[15] St. Rec. Vol. 2 of 4, Motion to Recuse, 11/16/16; Motion to Recuse, 1/3/17; Motion to Recuse and Re-allot, 3/16/17.
[16] St. Rec. Vol. 2 of 4, Hearing Transcript, 5/3/17; Trial Court Order, 5/3/17.

denied Petitioner's writ application seeking review of the denial of the motions to recuse and re-allot.[17] On December 17, 2018, the Louisiana Supreme Court denied Petitioner's writ application.[18]

On January 30, 2019, Petitioner filed the instant petition for habeas corpus relief.[19] Petitioner seeks federal habeas corpus relief on the following grounds: (1) he was denied due process in the allotment process; (2) the state trial court in St. Tammany Parish lacked jurisdiction over his case, because the alleged crime occurred in Washington Parish; (3) he was denied effective assistance of counsel when his counsel failed to challenge the allotment and jurisdiction of the court; (4) there was prosecutorial misconduct during the allotment process, and he received ineffective assistance when his counsel did not challenge it.[20] On March 6, 2019, the Government filed an opposition to Petitioner's federal petition.[21] In his Report and Recommendation, Magistrate Judge Wilkinson concluded Petitioner's claims should be dismissed with prejudice as time-barred.[22] Petitioner filed a timely objection on June 24, 2019[23] and a memorandum in support thereof on June 27, 2019.[24]

## ANALYSIS

### I.  Standard of Review

In reviewing the magistrate judge's Report and Recommendations, the Court must conduct a de novo review of any of the magistrate judge's conclusions to which a party has

---

[17] *State v. Shelton*, No. 2017-KW-0749, 2017 WL 3165978, at *1 (La. App. 1st Cir. Jul. 25, 2017); St. Rec. Vol. 3 of 4, 1st Cir. Order, 2017-KW-0749, 7/25/17; 1st Cir. Writ Application, 2017- KW-0749, 5/26/17.
[18] *State v. Shelton*, 258 So.3d 603 (La. 2018); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2017-KP1389, 12/17/18; La. S. Ct. Writ Application, 17-KP-1389, 8/9/17 (metered 8/8/17).
[19] R. Doc. 3.
[20] *Id.*
[21] R. Doc. 8.
[22] R. Doc. 9 at 14.
[23] R. Doc. 10.
[24] R. Doc. 11.

specifically objected.[25] As to the portions of the report that are not objected to, the Court needs only review those portions to determine whether they are clearly erroneous or contrary to law.[26]

## II. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[27] The limitation period runs from the latest of:

> **(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[28]

The one-year period of limitation is subject to certain exceptions. First, the AEDPA expressly allows the one-year limitations period to be interrupted in the following way: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[29] Second, the one-year

---

[25] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[26] *Id.*
[27] 28 U.S.C. § 2244(d)(1).
[28] *Id.* § 2244(d)(1)(A)-(D) (emphasis added).
[29] *Id.* § 2244(d)(2).

4

period of limitation may be equitably tolled in extraordinary circumstances.[30] Third, a plea of actual innocence can overcome the AEDPA's one-year limitations for filing a habeas petition.[31]

Magistrate Judge Wilkinson recommended this Court dismiss Petitioner's petition as untimely because Petitioner failed to file his federal habeas petition within the one-year statute of limitations period.[32] This Court agrees with the magistrate judge's recommendation.

A.  **One-Year Limitation Period**

When a petitioner does not appeal or timely seek reconsideration, the date on which a conviction becomes final is at the end of the period for seeking leave to file a notice of appeal under La. Code Crim. P. art. 914.[33] La. Code Crim. P. art. 914 requires a motion for an appeal be made no later than "[t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."[34] In this case, Petitioner did not seek reconsideration of his sentence imposed on August 31, 2010 or pursue direct appeal,[35] and therefore his conviction became final on September 30, 2010. Accordingly, Petitioner was required to file his federal habeas petition by no later than September 30, 2011. Because Petitioner filed his federal habeas petition on January 30, 2019, his petition was filed untimely unless the one-year statute of limitations was interrupted or otherwise tolled.

---

[30] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).
[31] *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).
[32] R. Doc. 9 at 14.
[33] *See Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) ("[The petitioner] did not appeal or timely seek reconsideration, so the convictions became final on February 7, 1996" after the petitioner was convicted in January 1996 (citing La. Code. Crim. P. art. 914)).
[34] La. C. Cr. P. art 914(B)(1).
[35] R. Doc. 9 at 2; The transcript reflects that Shelton waived his right to appeal as part of the plea agreement. St. Rec. Vol. 1 of 4, Plea Transcript, p. 5, 8/5/10.

## B. Statutory Tolling

Section 2244(d)(2) of the AEDPA provides the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" shall not be counted toward the one-year limitation period.[36] Notably, a state habeas application does not interrupt the one-year limitation period if it is "not filed until *after* the period of limitation has expired."[37] In this case, the AEDPA one-year limitation period expired September 30, 2011, one year from finality of his conviction. Petitioner's first state court application for post-conviction relief was filed on August 2, 2012, ten months *after* the AEDPA one-year period of limitation expired. Petitioner does not dispute this fact. Accordingly, no time may be subtracted from the one-year limitations period under Section 2244(d)(2).

## C. Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[38] In his Report and Recommendation Magistrate Judge Wilkinson states:

> Shelton has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.[39]

---

[36] 28 U.S.C. § 2244(d)(2).
[37] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis in original).
[38] *Pace*, 544 U.S. at 418.
[39] R. Doc. 9 at 9 (citing *Holland v. Florida*, 560 U.S. 631, 651-54 (2010); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 300 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 808, n.2 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)).

In his Memorandum in Opposition to the Findings of Magistrate Judge, Petitioner argues: "Jessie Shelton did not have legal counsel after his conviction. His two private attorney's did not seek motion to reconsider sentence nor appeal. They did not do anything for Jessie Shelton between September 30, 2010, and September 30, 2011."[40] Although ineffective assistance of counsel may constitute "extraordinary circumstances" warranting equitable tolling, "'a garden variety claim of excusable neglect,'" such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."[41] Rather, more than "simple negligence" is required for an attorney's actions to be extraordinary.[42] In any event, the record reflects, as Petitioner states, Petitioner "did not have legal counsel after his conviction."[43] Accordingly, ineffective assistance of counsel in timely filing Petitioner's federal habeas petition cannot supply circumstances warranting equitable tolling. The Court agrees with Magistrate Judge Wilkinson that Petitioner has asserted no other reason "that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case."[44]

### D. Actual Innocence

In this case, Petitioner has not asserted his actual innocence. However, because the Government argues Petitioner is not actually innocent,[45] the Court addresses the effect of a claim of actual innocence on the AEDPA's one-year limitations period. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of

---

[40] R. Doc. 11 at 3.
[41] *Holland*, 560 U.S. at 651-52 (quoting *Irwin*, 498 U.S. at 96; *Lawrence v. Florida*, 549 U.S. 327, 336, (2007)).
[42] *Id.* at 652.
[43] R. Doc. 11 at 3.
[44] R. Doc. 9 at 9.
[45] R. Doc. 8 at 6 (Response to Petition for Habeas Corpus Relief).

limitations."[46] "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"[47] As previously stated, Petitioner has not asserted his actual innocence and has brought no new, reliable evidence to meet the high burden set forth by the Supreme Court in *McQuiggin*. Accordingly, the one-year limitation period under the AEDPA is not tolled by any actual innocence claim.

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and **ADOPTS** it as its opinion in this matter.[48]

## CONCLUSION

**IT IS ORDERED** that Petitioner Jessie Shelton's petition against Robert Tanner be and hereby is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 2nd day of August, 2019.**

*(signed)* Susie Morgan
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[46] *McQuiggin*, 569 U.S. at 386.
[47] *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).
[48] R. Doc. 9.